UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEBORAH O'NEILL,

               Plaintiff,

-against-

MICHAELS COMPANIES, INC. d/b/a MICHAELS,

               Defendant.

**ORDER**

25-CV-4895 (PMH)

PHILIP M. HALPERN, United States District Judge:

On June 10, 2025, Defendant Michaels Companies, Inc. d/b/a Michaels ("Defendant") filed a Notice of Removal, removing this action from the Supreme Court of the State of New York, County of Westchester, to this Court. (Doc. 1, "Not. of Removal"). For the reasons set forth below, this matter is REMANDED to the Supreme Court of the State of New York, County of Westchester.

**BACKGROUND**

On June 10, 2025, Defendant filed a Notice of Removal. (*See generally id.*). On June 17, 2025, Defendant filed (1) the Summons and Complaint (Doc. 6-1); and (2) an Affirmation of Service (Doc. 6-2). Defendant asserts that this Court has subject matter jurisdiction over this dispute because (1) complete diversity exists between the parties (Not. of Removal ¶¶ 6-9); and (2) the amount in controversy exceeds $75,000, exclusive of interests and costs, as Plaintiff alleges "the damages sought by the Plaintiff are greater than the jurisdiction of all interior Courts" (*id.* ¶ 11 (quotation marks omitted)).

**ANALYSIS**

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28

U.S.C. § 1441(a). "The [federal] district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a). "The Supreme Court has held that the party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy." *Villafana v. So*, No. 13-CV-00180, 2013 WL 2367792, at *1 (S.D.N.Y. May 29, 2013) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994)). While defendants need not "prove the amount in controversy to an absolute certainty," they have "the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Id*. (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendants' notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id*. (quoting *Lupo*, 28 F.3d at 273-74).[1] Federal courts are instructed to "construe the removal statute narrowly, resolving any doubts against removability." *Lupo*, 28 F.3d at 274 (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991)).

      Plaintiff's Complaint alleges that she "suffered serious personal injuries" as a result of Defendant's negligence. (Doc. 6-1 ¶ 12). Specifically, Plaintiff alleges that she "trip[ped] and f[ell] over a defective and dangerous carpet runner that the Defendant had place[d]" in the exit lobby of a store Defendant owned and operated. (*Id*. ¶ 9). A plaintiff's complaint, in an action to recover damages for personal injuries in New York, "shall contain a prayer for general relief but shall not

---

[1] Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Nguyen v. FXCM Inc.*, 364 F. Supp. 3d 227, 237 (S.D.N.Y. 2019) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

state the amount of damages to which the pleader deems [herself] entitled." C.P.L.R. § 3017(c). Accordingly, the Complaint does not state a specific sum of money sought from Defendant and asserts only that Plaintiff's damages "are greater than the jurisdiction of all inferior Courts." (Doc. 6-1 ¶ 14). If removal of a civil suit from state court to federal court is premised on 28 U.S.C. § 1332(a) and "[s]tate practice . . . does not permit demand for a specific sum," removal is proper only "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28. U.S.C. § 1446(c)(2).

Defendant, with respect to the amount in controversy, states that Plaintiff's alleged damages are in excess of the $75,000.00 amount in controversy requirement because she "pled in the Verified Complaint that the damages sought by the plaintiff are greater than the jurisdiction of all inferior Courts." (Not. of Removal ¶ 11 (quotation marks omitted)). Defendant fails to meet its burden to show that the $75,000 jurisdictional amount required for diversity jurisdiction has been satisfied. "[N]either the Complaint nor the Notice of Removal 'contains sufficient information specifying the nature and extent of Plaintiff's injuries that would permit this Court to draw a reasonable inference that the amount-in-controversy requirement has been satisfied.'" *Muniz v. CVS Albany, L.L.C.*, No. 21-CV-08179, 2021 WL 4596539, at *2 (S.D.N.Y. Oct. 6, 2021) (quoting *Brown v. NutriBullet, LLC*, No. 19-CV-05421, 2019 WL 5287960, at *2 (E.D.N.Y. Oct. 18, 2019)). Defendant has not furnished any written indication of the amount in controversy. (*See generally* Not. of Removal). This Court, although not required to do so, has also undertaken to review the electronic docket in the state court proceeding. That docket is devoid of any written indication of the amount in controversy. (*See* Index No. 61671/2025, NYSCEF Doc. Nos. 1-6).

Thus, as federal courts are instructed to "construe the removal statute narrowly, resolving any doubts against removability," *Lupo*, 28 F.3d at 274 (quoting *Somlyo*, 932 F.2d at 1046),

Defendant's conclusory allegation that the amount in controversy can fairly be read to exceed $75,000 is insufficient for the Court to determine by a preponderance of the evidence that the jurisdictional threshold of 28 U.S.C. § 1332(a) has been met. *See Torres v. Merriman*, No. 20-CV-03034, 2020 WL 1910494, at *2 (S.D.N.Y. Apr. 17, 2020) ("[A] mere conclusory statement that the amount in controversy exceeds $75,000 is insufficient for the Court to determine by a preponderance of the evidence that the jurisdiction threshold of 28 U.S.C. § 1332(a) has been met.").

## CONCLUSION

Based upon the foregoing, the Court concludes that Defendant failed to satisfy its burden of establishing that the amount in controversy exceeds $75,000. Removal is therefore improper. Accordingly, this action is REMANDED to the Supreme Court of the State of New York, County of Westchester. The Clerk of the Court is respectfully directed to send a copy of this Order to the Supreme Court of the State of New York, County of Westchester, and to close this action. All pending matters are hereby terminated.

Dated: White Plains, New York
       June 20, 2025

SO ORDERED:

_____
Philip M. Halpern
United States District Judge